Fahey, J.
(dissenting). I respectfully dissent. The majority and my concurring colleague would effectively eliminate the distinction between legal sufficiency and weight on intermediate appellate review. The practical effect of the majority’s position is that there would no longer be any reason to preserve the issue of legal sufficiency for at least intermediate appellate review because that issue could be raised in the context of a review based on weight of the evidence. Effectively, this means that the possible benefit of a legal sufficiency review, i.e., conviction of a reduced charge and possibly a reduced sentence, could be obtained without establishing any basis for such an action.
I
The framework for this discussion is set out in CPL 470.15 (scope of review) and 470.20 (corrective action). Legal sufficiency means that, when viewed in the light most favorable to the People, the facts support the charge as a matter of law. By contrast, review based on the weight of the evidence means that, in viewing and comparing all the facts when sitting as the thirteenth juror, a conclusion may be reached beyond a reasonable doubt. The statutory framework provides for different corrective actions for each basis of review. The issue of legal sufficiency must be preserved {see CPL 470.05 [2]), and corrective action ranges from reversal and dismissal to a modification to a lesser included offense (see CPL 470.15 [2] [a]). Although weight review requires no preservation (cf. CPL 470.05 [2]), the court is limited to reversal and dismissal as its only remedy (see CPL 470.20 [5]).
*40 Recently, the Court of Appeals clearly set out the difference between these two forms of review in People v Danielson (9 NY3d 342, 348-349 [2007, Kaye, Ch. J.]):
“As we recently made clear in [People v Romero (7 NY3d 633, 636 [2006])], weight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt (People v Crum, 272 NY 348 [1936]).
“Essentially, the court sits as a thirteenth juror and decides which facts were proven at trial (see Tibbs v Florida, 457 US 31, 42 [1982]). Necessarily, in conducting its weight of the evidence review, a court must consider the elements of the crime, for even if the prosecution’s witnesses were credible their testimony must prove the elements of the crime beyond a reasonable doubt. Sitting as the thirteenth juror, moreover, the reviewing court must weigh the evidence in light of the elements of the crime as charged to the other jurors, even when the law has changed between the time of trial and the time of appeal (People v Noble, 86 NY2d 814, 815 [1995]).
“A verdict is legally sufficient when, viewing the facts in [the] light most favorable to the People, ‘there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt’ (People v Acosta, 80 NY2d 665, 672 [1993], quoting People v Steinberg, 79 NY2d 673, 681-682 [1992]). A sufficiency inquiry requires a court to marshal competent facts most favorable to the People and determine whether, as a matter of law, a jury could logically conclude that the People sustained [their] burden of proof.”
II
Here we are presented with a request for only a weight-based review. Indeed, as the majority recognizes, defendant failed to *41 preserve for our review any contention that the evidence is legally insufficient to support the conviction, and he does not separately contend on appeal that the evidence is legally insufficient to support the conviction. As a result, we are clearly limited to the framework set out for weight-based review. We are not determining whether or not the facts, when viewed in the light most favorable to the People, are legally sufficient to support the conviction. Instead, we are sitting as a thirteenth juror and weighing all of the credible evidence to decide whether the jury, in this instance, was justified in finding defendant guilty beyond a reasonable doubt.
I agree with the majority’s recitation of the facts and analysis of the evidence in this case. The People have not proved the charge of murder in the second degree beyond a reasonable doubt. The evidence is particularly deficient on the element of intent.
m
In view of these independent tests and conceptual distinctions, I cannot conclude that a court, when asked to determine whether a verdict is justified on the facts (see People v Bleakley, 69 NY2d 490, 493 [1987]; see also CPL 470.15 [5]), may, on the law, reduce a verdict it deems to be against the weight of the evidence to one convicting a defendant of a lesser included offense. Weight of the evidence review is an all-or-nothing analysis of what the verdict was, not an analysis of what the verdict could have been. Conversely, legal sufficiency requires an analysis of the adequacy of the proof, in establishing a prima facie case.
Our options are limited. There is no basis upon which to create a new third option.
IV
This writing would be incomplete without a few additional points.
First, I join the majority in respectfully disagreeing with the Second Department’s conclusion that CPL 470.15 (5) authorizes the reduction of a conviction to a lesser included offense upon a determination that the verdict is against the weight of the evidence. CPL 470.20 (5) specifically and plainly provides that, “[u]pan a reversal or modification of a judgment after trial upon the ground that the verdict, either in its entirety or with respect to a particular count or counts, is against the weight of *42 the trial evidence, the court must dismiss the accusatory instrument or any reversed count” (emphasis added). CPL 470.15 (5), in turn, provides that “[t]he kinds of determinations of reversal or modification deemed to be on the facts include ... a determination that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence.” Reading CPL 470.15 (5) in conjunction with the entirety of CPL article 470, including CPL 470.20 (5), leads me to conclude that the reference to modification in section 470.15 (5) involves circumstances in which an intermediate appellate court considers a multi-count indictment and determines that only one count, rather than the entirety of the indictment, must be dismissed.
Second, the decision of the Court of Appeals in People v Cahill (2 NY3d 14 [2003]) does not change my view of the relevant paradigm of CPL article 470. In Cahill, the Court of Appeals, inter alla, reviewed two capital murder counts and concluded that the weight of the evidence did not support the aggravating or “plus” factors required to elevate murder in the second degree to murder in the first degree (id.; compare Penal Law § 125.25 [1] with § 125.27 [1]), and it thus reduced the conviction of two counts of capital murder to one count of murder in the second degree (Cahill, 2 NY3d at 72). The circumstances of that case, however, were unusual inasmuch as there the Court, in relevant part, considered evidence relative to circumstances in which a “typical” intentional murder under Penal Law § 125.25 (1) punishable by a significant indeterminate sentence leaving open the possibility of parole (see § 70.00 [3] [a] [i]) may be elevated to an “atypical” intentional murder under section 125.27 (1) punishable by, inter alla, death or life imprisonment without parole (§ 60.06). Indeed, in my view, Cahill’s result is borne of its peculiarity, and the Court’s determination that the defendant there committed intentional murder but that the jury was not justified in concluding that he was eligible for the enhanced sentencing (id. at 37-38) does not lead me to believe that we may here reduce a conviction that is against the weight of the evidence to one of a lesser included offense.
V
Accordingly, for the reasons set forth above, I conclude that the judgment should be reversed, the indictment should be dismissed, and the matter should be remitted to County Court for further proceedings pursuant to CPL 470.45.
*43 Sconiers and Valentino, JJ., concur with Scudder, EJ.; Smith concurs in a separate opinion; Fahey, J., dissents and votes to reverse in a separate opinion.
It is hereby ordered that the judgment so appealed from is modified as a matter of discretion in the interest of justice and on the law by reducing the conviction of murder in the second degree (Penal Law § 125.25 [1]) to manslaughter in the first degree (§ 125.20 [1]) and vacating the sentence and the matter is remitted to Erie County Court for sentencing on the conviction of manslaughter in the first degree.